STATE OF MISSOURI, Respondent, v. ARTHUR O. HELLWIG, Appellant.

St. Louis Court of Appeals, January 15, 1895.

**Embezzlement**: SUFFICIENCY OF EVIDENCE. The defendant, while he was financial secretary of a corporation, and as such entitled to the custody of certain books of the corporation, refused to surrender them until they should be revised in his presence and he relieved of further responsibility, but agreed to surrender them when this should be done, *Held*, that the evil intent, necessary to constitute embezzlement, could not be inferred from this qualified refusal.

*Appeal from the St. Louis Court of Criminal Correction.*
HON. JAMES R. CLAIBORNE, Judge.

REVERSED.

*Aug. Rebenack* for appellant.

*Bernard Dierkes,* prosecuting attorney, and *Thos. B. Harvey* for respondent.

BOND, J.—On the seventh day of May, 1894, an information was filed in the St. Louis Court of Criminal Correction, charging the defendant with embezzlement of four books, to wit: One ledger, one cash book, one journal and one pay roll book, all of the value of $6. On the sixteenth of May the defendant pleaded not guilty, and the case was tried by the judge of the court, who found the defendant guilty and assessed his punishment at a fine of $25 and rendered judgment accordingly, from which the present appeal is taken.

On the trial the only evidence given was that on behalf of the state, which disclosed that defendant was elected financial secretary of the German Military Veteran Association, a corporation, on the seventeenth of January, 1894, to serve for six months; that as such officer he was the custodian of the books mentioned in the information, which were of the value of $6; that, on April 4, defendant was requested by the president of said corporation to appear in its library room and present the books in his charge for inspection. On April 5 defendant answered by letter to the president, in substance, "that for reasons well known to you I deem it improper to personally appear at the German military hall for the purpose of a revision of the books. I will, however, not surrender the books until the same are revised in my presence by the proper financial commit-

tee, and until I have been properly released from further responsibilty. The time and place when and where such may be done can easily be agreed upon." On April 6, a replevin suit for the books in question was instituted, in the name of the trustees of said association against this defendant, before Justice Harmon, which suit was tried on the seventeenth of April and decided in favor of the defendant, the judgment being that the plaintiffs shall return the property to the defendant and that defendant recover the sum of one cent damages and costs from plaintiffs.

On the eleventh day of April, 1894, the defendant was suspended from office, without notice to him, at a meeting of the association, and on the twentieth of April he was notified of his suspension by letter. On the twenty-fifth of April defendant was, without notice, expelled from the association, and on the twenty-ninth day of April, by letter, notified of his expulsion. On the seventh day of May, 1894, the complaint for embezzlement was filed in the Court of Criminal Correction, charging that on the eighteenth day of April, 1894, defendant embezzled said books.

Paragraph 11 of the constitution and by-laws of said association provides as follows: "The books and utensils of the association shall be kept in good order by the officers thereof, and in that condition turned over to their successors. The term of an officer shall not expire until the books and utensils are turned over to the respective successor of such officer and such successor has been duly installed."

It further appeared that no other demand was made for said books until after the filing of the information, and on the day before the trial thereunder. At the conclusion of the foregoing evidence defendant moved the court to discharge him, which motion was overruled.

The only error assigned on this appeal is that the judgment of the court below is unsupported by the evidence.    The error is well assigned.

In the case at bar the most that can be made of the evidence is that defendant, while he was secretary, and, as such, entitled to the custody of the books, declined to surrender them until they could be revised in his presence and he relieved of further responsibility, agreeing, however, if this could be done, to deliver them. At this time he was an officer of the corporation in rightful charge of the books in question.   He made no claim to any personal ownership of said books.   He merely required, as a matter of precaution for his own protection, that they should be revised in his presence, so that he might avoid ulterior responsibility for their condition after they were delivered to the corporation. There was nothing in such a qualified declination from which the evil intent necessary to constitute embezzlement could be inferred.

Again, there is not a particle of evidence that defendant did not intend in good faith to surrender the books in accordance with the proposition made by him, since it is conceded that he was never asked to do so thereafter, nor were they demanded until after the present charge was preferred.   The result is that there is no substantial evidence showing that defendant cherished a criminal intent at the time he gave a qualified refusal to surrender the books, and the judgment, lacking this support in the evidence, must be reversed.   All concur.